**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KIMBERLEY HOWSE<br>1859 Sunrise Way<br>Jamison, PA 18929<br>Plaintiff, | : | CIVIL ACTION NO.: |
| v. | : | **JURY TRIAL DEMANDED** |
| LAKEVIEW LOAN SERVICING, LLC<br>507 Prudential Way, Suite 100A<br>Horsham, PA 19044<br>Defendant. | : | |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Kimberley Howse ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Defendant, Lakeview Loan Servicing, LLC ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending Defendant interfered with the exercise of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601*, et seq.,* and retaliated against Plaintiff for exercising and/or attempting to exercise her rights under the same.

**PARTIES**

2. Plaintiff, Kimberley Howse, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 1859 Sunrise Way Jamison, PA 18929.

3. Upon information and belief, Defendant, Lakeview Loan Servicing, LLC, is a for-profit company organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business located at 507 Prudential Way, Suite 100A Horsham, PA 19044.

## **JURISDICTION AND VENUE**.

4. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

5. This is an action authorized pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

7. The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

## **FACTUAL BACKGROUND**

8. The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

9. Plaintiff began her employment with Defendant in or around August 2024, in the position of Mortgage Loan Officer.

10. Throughout the course of her employment, Plaintiff performed her job well, receiving positive feedback for her performance and occasional praise.

11. On or about March 4, 2026, Plaintiff had a meeting with her manager, Kevin Shannon, regarding production goals.

12. Mr. Shannon informed Plaintiff that she needed to get eighteen (18) application locks by March 18, 2026.

13. Later that same day, Plaintiff received a call that her son was admitted to the emergency room for appendicitis, and Plaintiff immediately notified Mr. Shannon of the same.

14. Appendicitis constitutes a serious health condition within the meaning of the FMLA.

15. Plaintiff was on leave from March 4, 2026, through March 10, 2026, to care for her son while he was in the hospital, and was set to return to work on March 11, 2026.

16. On or about March 10, 2026, Plaintiff texted Mr. Shannon and informed him that her son was discharged from the hospital and that she would return to work on March 11, 2026.

17. Plaintiff also requested leave under the FMLA to take her son to medical appointments and an accommodation for more flexibility regarding her production goals, in light of her need for medical leave in connection with her son's serious health condition.

18. Plaintiff also informed Mr. Shannon that her son was scheduled for surgery on April 28, 2026.

19. Mr. Shannon dismissed Plaintiff's request for accommodations and said he would get back to her regarding her request for leave under the FMLA.

20. From March 11, 2026, through March 18, 2026, Plaintiff worked long hours to meet her production goals.

21. On March 18, 2026, Mr. Shannon told Plaintiff that she missed her production goal by one application lock.

22. Plaintiff continued working to make up her production goals.

23. On or about April 1, 2026, Plaintiff submitted the medical paperwork for intermittent leave under the FMLA for her son's serious health condition.

24. Defendant approved Plaintiff's request on April 16, 2026, and backdated her leave to cover her absences from March 4, 2026, through March 10, 2026.

25. The next day, on April 17, 2026, Defendant terminated Plaintiff's employment for "failing to meet her production goals," despite only missing one (1) application lock and being out on job-protected medical leave for six (6) out of the fourteen (14) days she was given to meet her production goal.

26. It should be noted that, upon information and belief, approximately half of the Mortgage Loan Officers on Plaintiff's team were on some form of corrective action at the time.

27. Plaintiff, however, was the only employee who required an accommodation and/or leave under the FMLA and terminated for not meeting production goals.

28. It is believed and therefore averred that Defendant terminated Plaintiff's employment in retaliation for exercising and/or attempting to exercise her rights under the FMLA.

29. As a result of Defendant's actions, Plaintiff was prevented from exercising her right to up to twelve (12) weeks of protected leave under the FMLA.

30. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

**COUNT I**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. 2601, *et seq.***
**INTERFERENCE AND RETALIATION**

31. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

32. Defendant is a "covered employer" under the FMLA and employed at least fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of (20) or more calendar weeks in 2025, 2024, and 2023.

33. Plaintiff was an eligible employee under the FMLA and was entitled to take up to twelve (12) weeks of unpaid leave in order to care for her son's serious health conditions.

34. Plaintiff provided adequate notice to Defendant of her need for leave under the FMLA by giving notice as soon as she became aware of the need and as soon as was practicable.

35. Defendant violated the FMLA by terminating Plaintiff for attempting to take FMLA-qualifying leave and/or in retaliation for exercising her rights under the FMLA.

36. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

37. As a result of Defendant's actions, Plaintiff has suffered significant damages.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendant, and grant her the maximum relief allowed by the law, including, but not limited to:

1) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

2) Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

3) Liquidated damages;

4) Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

5) Pre-judgment interest in an appropriate amount; and

6) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ *Johannes Hoffman*
Johannes Hoffman, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jhoffman@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: September 17, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.